Helene J. MAYS and Donna J. Cox, by her Guardian Ad Litem, Helene J. Mays, Plaintiffs,

v.

Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.

No. 3229.

United States District Court
D. Idaho, S. D.

Aug. 1, 1956.

Robert W. Green and Dale Clemons, Boise, Idaho, for plaintiffs.

Sherman F. Furey, Jr., U. S. Atty. for the District of Idaho, and Marion J. Callister, Asst. U. S. Atty. for the District of Idaho, Boise, Idaho, for defendant.

TAYLOR, District Judge.

This matter is presently before the Court on separate motions for summary judgment by the plaintiffs and the defendant in accordance with the provisions of Rule 56(a) of the Rules of Civil Procedure, 28 U.S.C.A. The action is brought under § 205(g) of the Social Security Act as amended (hereafter referred to as the Act), 42 U.S.C.A. § 405 (g), which provides for judicial review of any final decision of the Administrator.

The facts in this case are undisputed. The plaintiffs, Helene J. Mays, widow of Lawrence L. Mays, and Donna J. Jones (now Donna J. Cox), stepchild of Lawrence L. Mays, deceased, were awarded "mother's insurance benefits" and "child's insurance benefits" respectively, each in the monthly sum of $60 effective August, 1952, which under the amendments to the Act increased to $63.80 each effective September, 1952, and to $73.90 each effective September, 1954. On December 16, 1954, Donna J. Jones, then 16 years old, married one Robert Joseph Shawhan without the consent of her mother, Helene J. Mays.

On January 18, 1955, plaintiff Helene J. Mays informed the Social Security Administration that her daughter, Donna, had been married in December, 1954, at Boise, Idaho, and that she, Helene J. Mays, was contemplating an annulment of the marriage. In February, 1955, the Bureau of Old-Age and Survivors Insurance determined that by reason of said marriage payment of benefits should have been discontinued as of December, 1954. The plaintiffs, however, continued to receive monthly checks up to and including January, 1955. Plaintiff Helene J. Mays, by letter dated March 1, 1955, returned the checks for the month of January, 1955, but not the checks for December, 1954.

The marriage between Donna J. Jones and Robert Joseph Shawhan was annulled by a decree made and entered on March 4, 1955, in the District Court of the Seventh Judicial District of the State of Idaho on proceedings commenced and prosecuted by plaintiff Helene J. Mays upon the ground that the marriage was entered into without her consent. The annulment of the marriage was granted as provided by §§ 32-501, subd. 1, and 32-502, subd. 1, Idaho Code.

On October 6, 1955, Donna entered into a second marriage with her mother's consent.

On September 23, 1955, a referee of the Office of Appeals Council, Social Security Administration, Department of Health, Education and Welfare, held that the plaintiffs' right to "mother's insurance benefits" and "child's insurance benefits", respectively, terminated as a result of Donna J. Jones' marriage in December, 1954, that the subsequent annulment of the marriage did not reinstate the plaintiffs' right to benefits, and that recovery of the benefits erroneously paid to the plaintiffs for the month of December, 1954, could not be waived. In so holding the referee affirmed a previous determination of the Bureau of Old-Age and Survivors Insurance.

On December 14, 1955, the Appeals Council denied a request for review of the referee's decision, and, under the regulations and practice of the Social

Security Administration, the referee's decision became the defendant's final decision within the meaning of § 205(g) of the Act. The record discloses that prior to the institution of this action the plaintiffs exhausted all of their administrative remedies.

The question for determination in this case is as follows: When "mother's insurance benefits" and "child's insurance benefits" are awarded to claimants as the widow and stepchild of a wage earner, and such benefits are terminated by reason of the marriage of the child, is their right to benefits revived upon the procurement of an annulment of the marriage of the child?

Section 202(g) (1) of the Act, 42 U.S.C.A. § 402(g) (1), prescribes the beginning and the ending of the entitlement to "mother's insurance benefits" as follows:

" * * * shall be entitled to a mother's insurance benefit for each month, beginning with the first month after August 1950 in which she becomes so entitled to such insurance benefits and ending with the month preceding the first month in which any of the following occurs: no child of such deceased individual is entitled to a child's insurance benefit, * * *."

Section 202(d) (1) of the Act, 42 U.S.C.A. § 402(d) (1), prescribes the beginning and the ending of the entitlement of a child to benefits as follows:

" * * * shall be entitled to a child's insurance benefit ·for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits and ending with the month preceding the first month in which any of the following occurs: such child * * * marries, * * *."

The defendant contends that under the provisions of the above quoted sections of the Act the plaintiffs' right to benefits provided by the said Act terminated upon the marriage of Donna J. Jones, and that this right was not reinstated on the annulment of the marriage. The plaintiffs contend that the annulment reinstated their right to receive the insurance benefits.

Counsel have not cited any decision of an appellate court involving the question presented in this case, and this Court has been unable to find any such decision. However, the Court's attention has been called to the case of Pearsall v. Folsom, 138 F.Supp. 939, involving a similar question, decided by Chief Judge Roche of the United States District Court, N.D. California, S.D., on February 10, 1956. The question for decision in that case was as follows: When "mother's insurance benefits" are awarded to a claimant as a widow of wage earner, and such benefits are terminated by reason of her remarriage, is her right to benefits revived upon her procurement of an annulment of the remarriage, even though the remarriage was not void but was voidable? The court in a very well reasoned decision held that the said benefits were reinstated on annulment of the remarriage. This Court is very much in accord with the views expressed and the conclusion reached by Chief Judge Roche.

When Donna J. Jones married at the age of sixteen without securing her mother's consent, her marriage was not void but voidable. 35 Am.Jur., Marriage, § 103, p. 245; 55 C.J.S., Marriage, § 11, p. 822. The effect of the annulment was to nullify the marriage ab initio. In other words, when the marriage of Donna J. Jones was nullified she and her mother were placed in the same position they were prior to the marriage, i. e., the mother was the widow and the child was a dependent of a deceased wage earner. It does not seem reasonable that the benefits payable under the Act should be permanently curtailed by a marriage which was subject to being nullified from the beginning.

The Social Security fund will not be prejudiced by a resumption of the benefit payments subsequent to the annulment of the marriage. If Donna J. Jones had not entered into the voidable marriage, the benefits would have continued up to

the time of her second marriage in October, 1955. On the other hand, if payments are not reinstated the plaintiffs would be penalized, and this result would not be in keeping with the liberal construction which has been accorded the Social Security Act.

The plaintiffs are not entitled to receive insurance payments for the months of December, 1954, through March, 1955, inclusive, but are entitled to receive payments for the months of April, 1955, through September, 1955, inclusive.

Accordingly, it is ordered that the motion of plaintiffs for a summary judgment be, and the same is hereby, granted; and that the motion of defendant for a summary judgment be, and the same is hereby, denied. The Administrator of the Social Security Administration will certify to the Secretary of the Treasury of the United States to pay to each of the plaintiffs benefits for the months of April, 1955, through September, 1955, inclusive, in the sum of $443.40, less $73.90, the amount of the benefit for the month of December, 1954, retained by the plaintiffs, or a total of $369.50.